## WILLIAM B. CUMNER *versus* MANLY O. BUTLER.

The plaintiff took goods from the store of B. & D., under an agreement with the defendant, assented to by B., one of the firm, that they should be received in part payment of his demand against defendant. The goods were charged to plaintiff on the firm's books, which were afterwards assigned to a creditor of the firm. The assignee and D., claimed to hold the plaintiff therefor: — *Held*, that the defendant alone was responsible to the firm for the amount of the goods, although they had been charged to the plaintiff.

ASSUMPSIT upon account, amounting to $105,35. Plea, general issue, with set-off $26,98. The account is for labor performed on the dwellinghouse of defendant.

The parties agreed upon the following statement of the case for the decision of the full Court: —

"The account in set-off is for groceries, &c., taken up at the store of Butler & Dakin. The firm of Butler & Dakin was composed of Charles V. Butler and Dakin. M. O. Butler, the defendant, acted for, and was the agent of Charles V., without any written authority. M. O. Butler agreed with the plaintiff that whatever articles he took at the store of Butler & Dakin, should go in payment of labor done and performed on the house, which agreement Charles V. ratified. The plaintiff took up the goods in the set-off in pursuance of said agreement. Dakin, the partner of Charles V. Butler, understood that the plaintiff was to have a longer credit than usual, (which was one month,) upon the goods purchased at the store of Butler & Dakin, so that M. O. Butler might raise the money and pay the plaintiff, in order that the plaintiff might pay the firm of Butler & Dakin. The goods were charged to the plaintiff, and Dakin looked alone to the plaintiff for pay; after the account in set-off accrued, Butler & Dakin stopped payment, and made an assignment of their books containing that account, which the assignee claims. The account of the assignee accrued after the agreement between M. O. Butler and W. B. Cumner.

"It is agreed, that if the amount in set-off cannot be allow-

ed, judgment is to go by default; otherwise, judgment for the balance due to the plaintiff, to wit, $78,37."

*W. P. Frye*, for plaintiff.

*H. G. Cilley*, for defendant.

The decision of the Court was announced by

DAVIS, J.— That, it was competent for M. O. Butler to make such contract with the plaintiff as they could agree upon. If, " whatever articles the plaintiff took at the store of Butler & Dakin were to go in payment of the labor," then the plaintiff's account has been paid by such articles to the amount of $26,98. Though the articles were charged to the plaintiff, the defendant, and not the plaintiff, is responsible to Butler & Dakin for them, or to their assignee.

*Judgment for the plaintiff for the sum of* $78,37.

TENNEY, C. J., HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.